# DIETZ v. MISSION TRANSFER CO.*

## No. 13,915; December 31, 1890.

### 25 Pac. 423.

**Deed—Reservation of Oil and Minerals.**—The owners of land conveyed a part of it to plaintiff, with a reservation to them and their assigns of "the exclusive right to all oils, petroleum, asphaltum, and other kindred mineral substances," and the right to do whatever was necessary to obtain and transport such minerals, including the erection of proper machinery, and the laying of pipes. The rest of the original tract was conveyed in parcels to other persons, with the same reservation, and finally the reserved rights and interests in the whole were granted to defendants. Held, that defendants have

———

*For subsequent opinion in bank, see 95 Cal. 92, 30 Pac. 480.

no right to the possession of plaintiff's land further than is necessary to the exercise of the rights reserved in that tract alone.

**Deed—Reservation of Minerals.**—Where, in Ejectment, it is shown that defendants have taken possession of a part of plaintiff's land, to enable them to exercise the rights reserved in the rest of the original tract by their grantors, and that they are not seeking the minerals in question on plaintiff's land, and that none exists there, plaintiff is entitled to recover the possession of the land occupied by them.

**Deed—Reservation—Ejectment.**—A Judgment in a Former Action determining that a lease to plaintiff, granted before he obtained his deed, of the right to take such minerals in the entire tract had expired, and enjoining him from interference with defendants' right to take such minerals, they having purchased it from his grantors, is no bar to such action of ejectment.

**Adverse Possession—Destruction of Structures—Actual Possession.**—Plaintiff's recovery cannot be defeated on the ground of defendants' adverse possession, where the evidence shows that before the statute had run the structures by which defendants held possession were carried away by flood, and rebuilt in a different place on plaintiff's land; for, as defendants were trespassers, their possession was adverse only to the extent of the land actually occupied by them.

**Deed of Structures—Estoppel to Claim Land.**—Plaintiff's deed to defendants of all structures erected by him on the land, for the purpose of exploring for, obtaining, and transporting such mineral, will not estop him to claim title to, and the right of possession of, the land on which such structures stand.

APPEAL from Superior Court, Ventura County; B. T. Williams, Judge.

Noble Hamilton and Joseph A. Joyce for appellant; Charles Fernald and John J. Boyce for respondent.

WORKS, J.—This is an action of ejectment. The common grantors of the plaintiff and defendant were the owners of a large tract of land, including the land in controversy in this action. They subdivided the land, and sold it in several tracts. One of these tracts, being the one now in litigation, was conveyed to the plaintiff. The deed conveying the land contained this reservation or exception: ''Excepting and reserving to the parties of the first part, and their servants, agents, and assigns, the exclusive right to all oils, petroleum,

asphaltum, and other kindred mineral substances, and the right to erect machinery, sink wells, bore, tunnel, dig for, work on, and remove the same from the said premises, together with the right of way over and through any and all parts of said premises, for the purpose of going to and coming from said works, and transporting machinery, tools, implements, and supplies for said works, and of transporting said substances to a market, and the right to lay pipes to conduct oil, and the right to dispose of said substances, and of transferring to their grantees thereof the same rights as are herein reserved to the parties of the first part; but not to destroy or injure any crops growing upon, or any improvements on, said premises, such as buildings, trees, vines, roads, inclosures, without making just compensation for such injury or destruction, reserving, also, to the parties of the first part the right of way for a road or roads over and across said premises, for the use of tenants or vendees of adjoining and other lands of said rancho." A like reservation or exception was contained in conveyances of other parts of this larger tract to other parties. Subsequently, said grantors conveyed to the defendant in this action the estate or interest in the whole tract reserved or excepted by these conveyances. The complaint is in the ordinary form. The answer, in one defense, sets up these conveyances; that the defendant was entitled to all of the rights reserved or excepted by said conveyances, and alleged further: "That prior to the commencement of this action, and on or about the second day of July, 1883, this defendant entered into the possession of its estate in said lands, as hereinabove particularly described, and then at once began, in good faith, to exercise open and notorious acts of ownership over the same, under claim of right and title thereto, and then, at great expense, began the exploration for, and the development of, said oil interests, and the erection of costly machinery, derricks, rigs, buildings, storage-tanks, and pipe-lines upon said premises, and defendant has thence, hitherto, continued, in good faith, the progress thereof, and the development of said territory for said oils; that the respective estates of the plaintiff and the defendant in the premises described in said amended complaint are of such a kind and character that the possession of the surface of the soil thereof has been held and enjoyed by each sepa-

rately, to the extent and for the benefit of their said several, respective, separate estates, freeholds, and property therein, and not otherwise, ever since plaintiff and defendant acquired their said several, respective, separate interests and estates in said real property; and that this defendant is now the owner, seised and possessed in fee simple absolute, and in the actual occupation and possession of the said estate and interest in said real property described in the amended complaint of plaintiff herein, as particularly, and specifically, and at large set forth and described in this answer.'' The answer also pleaded the statute of limitations, a former adjudication, and an estoppel by deed, which will be further noticed hereafter.

The court below found the interests in the land in the plaintiff and defendant, as above stated, and, among other things, found ''that the plaintiff in this action has been, since said twenty-third day of November, 1882, continuously, to the present time, in the possession and enjoyment of the estate so conveyed to him by the said Carpentier and Steinbach, but has not held, occupied, or enjoyed any part or portion of the excepted estate, reservations, rights, or privileges excepted and reserved by his deed of that date, and the defendant has never ousted or ejected plaintiff from any portion of his said estate, and the defendant does not now withhold the possession thereof from the plaintiff. That thereafter, and in the month of May, 1883, this defendant entered upon said land and premises, as hereinabove, and in said amended complaint, described, and took possession and the actual occupation of all of its separate estate therein, and exercised and enjoyed the entire and exclusive use of, in, and to said excepted estate and reservations, rights, and privileges, and that said defendant has continuously, from said date to the present time, so exclusively occupied, used, enjoyed, and controlled said excepted estate, and said reservations, rights, and privileges. That the entry of the defendant in this action upon said described tract of land was under and by virtue of said instrument in writing, made by the said Steinbach and Carpentier to the said Whaley, by which the said excepted estate and interest in said tract of land, and the reservations, rights, and privileges in, over, and upon the same were sold and conveyed to the said Whaley, and under and by virtue of the

transfer, sale, assignment, and conveyance thereof by the said Whaley to the said defendant. And the said defendant never did at any time enter upon the separate estate of the plaintiff in said premises, nor in any manner oust or eject the plaintiff therefrom; but said entry was made, and said occupation and possession taken and acquired, by defendant, and held and enjoyed solely and exclusively for the rightful occupation and enjoyment of said excepted estate, and said reservations, rights, and privileges. That the said several respective estates, interests, rights, and privileges of the plaintiff and the defendant in, over, and upon the particular tract of land hereinabove, and in said amended complaint, described are separate, distinct, entire, and complete in themselves, and that the possession of the plaintiff and the defendant of the surface of the soil of said tract is for the benefit, advantage, use, and enjoyment of the respective and separate estates resting and being in each. And that said respective and separate estates are of such a kind and character that the possession of the surface of the soil of said tract of land can be held and enjoyed by each separately, to the extent and for the benefit of each of said several, respective separate estates, freeholds, and property, for the respective uses, and purposes, and rights of each resting and being in plaintiff and defendant; and that the possession has been so held and enjoyed by the respective parties hereto ever since the acquisition by each of their respective interests and estates in said real property. That the defendant, in the month of May, 1883, entered upon said land and premises hereinabove, and in the amended complaint of plaintiff, and in the answer thereto of defendant herein described, and took possession and actual occupation of its estate therein, in the same manner, and to the same extent, as it now occupies and enjoys the same; and that, continuously from said date, its possession has been by an actual, open, and notorious occupation, under claim of right and title to said estate, founded upon said various written agreements and conveyances, made by the said Steinbach and Carpentier, to it and to its predecessor, the said Whaley, and it has held, occupied, and enjoyed said possession as the owner of said excepted estate, reservations, rights, and privileges, as its own absolute property, and in hostility to the plaintiff's title, and to the whole world. That

said possession and occupation have been continuous, open, notorious, and uninterrupted from said month of May, 1883, to the present time, and said defendant has paid, during said time, all state, county, and municipal taxes levied and assessed upon the same." The court also found in favor of the defendant on the defenses of former adjudication, the statute of limitations, and estoppel by deed, and, that no question might arise as to the findings covering the issues, there was also a general finding that all of the allegations of the defendant's answer were true. Upon these findings, the court concluded as follows: "(1) That defendant, the Mission Transfer Company, a corporation in this state, was, at the time of the commencement of this action, and now is, the sole owner in fee simple of the excepted estate, with the reservations, rights, and privileges set forth in the answer of the defendant herein, and in the deed of Steinbach and Carpentier to plaintiff, A. C. Dietz, dated November 23, 1882, excepted and reserved; and subsequently conveyed by Steinbach and Carpentier to the defendant herein, with the right to perpetually use said premises in the manner, and to the extent, in said deed, and hereinabove in these findings set forth; (2) that plaintiff has no right, title, or interest, or any estate whatever in or to such excepted estate, or the reservations contained in said deed, and that no estate therein passed to plaintiff by said deed of November 23, 1882, or otherwise; (3) that the plaintiff is not entitled to recover against defendant in this action, by reason of defendant's occupation of the tract of land and premises described in the amended complaint and answer herein, and in these findings; (4) that defendant is entitled to his costs and disbursements in this action." It must be evident, at a glance, that some of these findings are entirely inconsistent with each other, and that the findings and conclusions of law have left the case in utter confusion. The court below, as appears from its conclusions of law, seems to have been laboring under the impression that the plaintiff was attempting to recover the interest or rights reserved or excepted by the original grantors, and subsequently conveyed to the defendant. The findings and conclusions seem to be based upon this theory, and, so treating the case, the decision was against the plaintiff. Viewing the case in this light, no doubt the conclusion reached by the

court was right. But such was not the question presented, and the conclusions of law are almost entirely aside from the real question in the case. It was not a question whether the plaintiff or defendant, or either of them, owned the interests claimed by them respectively, but which of them was entitled to the possession of the property, conceding their titles or interests to be as claimed by each.

Counsel on both sides discuss in their briefs, at great length, whether the clause in the deeds above referred to, and set out, was a reservation, or an exception; but we think it is entirely immaterial to this controversy whether it was one or the other. The same may be said of the controversy in the briefs, as to whether the interest of the defendant was a corporeal heredit-ament, or estate in the land, or a mere incorporeal heredita-ment or easement. As we construe the deed to the plaintiff, it conveyed to him the fee simple title to the land, subject to the right of the grantors and the defendants, as their suc-cessors in interest, to enter upon the land, and occupy it for the purposes mentioned in the deed. For those purposes, and none other, the defendant was entitled to the possession of the land, or so much thereof as was necessary for such pur-poses, and for such a length of time as it was necessary for it to occupy it for such purposes, and no longer. It makes no difference, therefore, whether its interest in the land con-stituted a title to a part of the land itself or not. If it did, it was only entitled to go upon the land for the purpose of severing its part of the land from that of the plaintiff, and removing it therefrom. It had no right to enter upon and hold its part of the land, where situated, to the exclusion of the plaintiff. The plaintiff was entitled, under his deed, to the possession of the surface of the land. The defendant was entitled to take possession of and occupy the plaintiff's land, for the purpose of extracting therefrom the mineral substances contained therein, if any, to explore and excavate the lands, for the purpose of ascertaining whether it con-tained such substances or not, and, if found, to erect the necessary buildings and machinery, put down pipes, and to make and use such roads as were necessary to remove the oils or other substances from the land. The deed also gives the defendant the right of way for a road, or roads, over and across the premises, for the use of tenants or vendees of ad-

joining and other lands.   This clause in the deed has no con-
nection with the defendant's interest in the land, which is
only a right to enter upon this and other tracts of land for
a temporary purpose, but applies to tenants and vendees of
the other tracts, to whom the original grantors or their
grantees might sell or lease the property.   Therefore, this
last clause in the reservation, or exception, need not be further
noticed.

It will be observed that the defendant alleged in its answer,
and the court found, that it went into possession of the land,
and began, in good faith, to exercise notorious acts of owner-
ship over the same, and at a great expense began the explora-
tion for, and development of, said oil interests, and the
erection of costly machinery, derricks, rigs, buildings, stor-
age-tanks, and pipe-lines upon said premises, and that it has
continued in good faith the progress thereof, and the de-
velopment of said territory for said oils.   This allegation in
the answer is defective, in not alleging directly that the entry
of the defendant, and other acts done, were for the purpose
of developing and extracting oil from this land.   It seems,
however, to have been treated as such an allegation at the
trial, and found upon as such by the court.   It is insisted by
the appellant that the finding of the court that the defendant
was in possession for the purpose of developing or extracting
oil from the land in controversy is not sustained by the evi-
dence, and that the evidence shows, beyond any controversy,
that the buildings placed upon the plaintiff's lands, and the
pipes put down, and roads made and used thereon, were
placed thereon and used for the sole purpose of extracting
and removing oil from other and different lands, and that
the evidence shows that no attempt had ever been made by
the defendant to explore the plaintiff's land for oil, or other
substances mentioned in the reservation or exception, and
that, in fact, the evidence shows that no such substances ex-
isted in or upon this land.   We have examined the evidence
carefully, and find the appellant to be right in this conten-
tion.   The evidence not only fails to show that the respond-
ent's possession was taken for the purpose of developing and
extracting oils or other substances from the appellant's land;
but the respondent's own testimony shows affirmatively and
conclusively that it took possession, and constructed buildings,

and other structures, and put down pipes on the plaintiff's land solely for the purpose of developing, extracting, and removing oils from other and different lands, and that it had made no effort to develop oil on the plaintiff's land. Not only so, but the evidence failed to show that the land contained any oil, or other substances, included in the defendant's right in the land and tended strongly to show that it did not contain any such substances. It was contended by the respondent that it had the right, under the exceptions and reservations in the several deeds made to the plaintiff and others, to occupy and use all of the land for the purpose of developing and extracting oil from any part of it. But there is nothing in the plaintiff's deed giving any such right. On the contrary, the reservation or exception contained in the deed, so far as it gives the right to enter upon and occupy the land, is confined in plain and unambiguous terms to the development and removal of oil and other substances from the land described in the deed. To hold that the defendant could enter upon, occupy, and use the land for its convenience in extracting and removing oils from another and different tract of land would be to vary the terms of the deed in a material respect, and make for the parties a new and different contract. This the courts have no power to do. What we have said is applicable to the right to put down pipes to convey the oil. This provision, although not limited in express terms to oil taken from the land, must be construed in connection with the other rights granted, and be limited in the same way. For these reasons, the finding of the court that the defendant was rightfully in possession of the land occupying its own estate therein, and other findings based upon this theory of the defendant's rights, are not sustained by the evidence, and the conclusions of law founded upon these findings rest upon an erroneous view of the law.

The respondent attempts to justify the decision of the court below on the ground that the plaintiff's cause of action was barred by a former judgment. But we are quite clear that the questions adjudicated and determined in the former action, and the one now before us, are not the same. It appears from the pleadings in the former action that the appellant had, prior to the execution of the deed to him, leased from the owners of the entire tract above mentioned the right to take oil and other substances from the same, and the lease gave him

the option to purchase the perpetual right to take such oil, and other substances mentioned, from the whole tract, on certain conditions, and bound him to give up possession at a certain time, in case such perpetual right was sold to other parties; that the appellant had failed to buy said right; that it had been sold to the respondent who had made improvements, and expended large sums of money in making the improvements necessary for developing the oils and other substances taken from said lands; that the appellant had refused to surrender the possession of the property, and was claiming the right to still extract oils from the land, and refused to permit the respondent to enter upon the same for the purpose of exploring for, developing, and extracting the oils and other substances from the land. The judgment of the court in that case was against the appellant, that his lease or license had expired; that the respondent was entitled to the possession of the land for the purposes before mentioned, and enjoined the appellant from asserting or exercising any rights under said lease or license, and also enjoined him from preventing the respondent from entering upon the land for the purposes mentioned. It will be observed that the case relied upon as a bar to this action presented an entirely different question from the one now before us. There the question was as to the right of the appellant to hold possession of the whole tract of land, and extract oil from it under a lease. Here there is no question as to the right of the appellant to hold the land under a lease, or to extract oil from it, nor is such a right on the part of the respondent involved in this case. Here, the appellant asserts the right to the possession as owner of the soil of a part of the tract, and not the right to extract oil from it. He does not dispute the right of the respondent to enter upon and occupy the land for the purpose of exploring for, developing, and extracting from his land, oils or other substances mentioned in his deed. His claim is that the respondent is in possession of the land for other and different purposes, and is therefore a mere trespasser. This claim is fully substantiated by the evidence, and it is not covered by the former judgment.

Again, it is contended by the respondent that the appellant's cause of action was barred by its adverse possession. But this position is effectually answered by the findings of the

court below. It is directly found by the court that the plaintiff was never ousted of his possession, but that he and the defendant were both in possession, and were both entitled to the possession. It is true that the court found generally that the answer of the defendant, which included the defense of the statute of limitations, was true, but the other finding referred to is inconsistent with and contradictory of this. Besides, both the evidence and the findings show that the defendant made no claim of title to the land as against the plaintiff, and that it never paid any taxes upon it. It merely asserted the right to occupy a part of the land, temporarily, in conjunction with the plaintiff, and not adverse to his claim of ownership, and paid taxes for a part of the time, not on the land, but upon the structures it had placed upon it. A holding without disputing the plaintiff's rights, and without asserting any claim opposed to his rights, could not be adverse to him: Unger v. Mooney, 63 Cal. 595, 49 Am. Rep. 100; Oneto v. Restano, 78 Cal. 377, 20 Pac. 743. Besides, the evidence fails to show that the possession of the defendant was continuous. Its occupation was a part of the land by certain structures erected upon it. The evidence shows that before the statute had run its full time these structures were washed away by high water. It is not shown when they were replaced. But it is shown that, when the structures were rebuilt, they were put up on a different part of the plaintiff's land. As the defendant was a mere trespasser, it could only obtain title to the land actually occupied by it, and as its possession was changed, and neither part of the land was in actual possession by it for the requisite time, there was no bar as to either tract.

As to the claim that the plaintiff is estopped by deed to deny the defendant's right to possession, we find that there is nothing in the deed inconsistent with the plaintiff's claim in the action. The deed was by the appellant and one Hill, and granted, bargained, sold, assigned, and transferred to the respondent all of their right, title, and interest in and to "all the buildings, tanks, derricks, pipes, pipe-lines, fixtures, and all other personal property whatsoever that now is, or are, or ever hereafter has or have been, on or upon any portion of the rancho, known as the 'Ex-Mission of San Buenaventura,' in the county of Ventura, state of California."

This was nothing more than a transfer of an interest in personal property. But counsel for respondent seem to think that, because, at the time the transfer was made, a part of the property was on the lands of the appellant, now in controversy, the appellant is in some way estopped to claim title and possession to his land. But, as we have said, we see nothing in the deed which should estop the appellant from asserting and maintaining his present claim. Judgment and order reversed and cause remanded.

We concur: Sharpstein, J.; McFarland, J.; De Haven, J.; Paterson, J.